# THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## Case # 24-1501

## Clark VS MSPB

## PETITION FOR WRIT OF MANDAMUS

Appellate *pro se*

Heather Clark

844 state st

Apt 30

Bangor, ME 04401

207-768-0685

Clarkie00714@gmail.com

**TABLE OF CONTENTS**

INTRODUCTION…………………………………………………………………...3

1. DECISION TO BE REVIEWED……………………………………………3

2. A CONCISE STATEMENT SPECIFYING THE STAGE OF THE PROCEEDINGS IN THE LOWER COURT…………………………………4

3. A DIRECT AND CONCISE ARGUMENT AMPLIFYING THE REASONS RELIED UPON FOR PETITIONING THIS COURT TO EXERCISE ITS ORIGINAL JURISDICTION AND SETTING FORTH WHY THE RELIEF SOUGHT IS NOT AVAILABLE IN ANY OTHER COURT OR CANNOT BE HAD THROUGH OTHER PROCESSES:........................................................4

4. CONSTITUTIONAL PROVISIONS, STATUES, RULES, OR REGULATIONS INVOLVED IN THIS CASE ……………………………………………………………………….5

5. THE JURISDICTIONAL BASIS FOR THE PETITION CITING THE RELEVANT STATUTES…………………………………………………..7

6. A STATEMENT, IF APPLICABLE, THAT EVERY ISSUE SPECIFICALLY RAISED HAS BEEN PRESENTED TO THE ADMINISTRATIVE AGENCY AND HAS BEEN PROPERLY PRESERVED FOR APPELLATE REVIEW BY A CONTEMPTUOUS OBJECTION OR WHERE APPROPRIATE, BY A PROPERLY FILING PLEADING……………………………………………9

7. A LIST OF ALL PARTIES AND THEIR COUNSEL………………….10

8. CERTIFICATE OF COMPLIANCE……………………………………….11

**DECISION TO BE REVIEWED**

On or around February 14th, 2024, appellant filed a Motion to Dismiss the pending court case number PH-1221-24-0032-W-1 citing multiple and deliberant acts of Judicial Misconduct by the AJ assigned to the case. The AJ in the case proceeded to deny the dismissal of the case, on the basis that the judicial misconduct "didn't exist", proceeded to threaten the applicant, and then made an attempt to continue the case without a lawful purpose for doing so.

The MSPB generally holds original jurisdiction over appeals for adverse federal employment actions. However, in many cases, such as the one in this case, jurisdiction *must be established* before a case can continue. The appeal was filed in October of 2023, and at no point in the last 7 months has the MSPB established jurisdiction over this appeal, nor have they even *attempted* to establish jurisdiction to allow this case to move forward.

Per the MSPB rules and regulations: The Appellant may bypass the MSPB and take an appeal directly to the Federal Circuit, the appellant retains this right at any point during their appeal, both before and after an initial decision, and in cases where the board does not have jurisdiction.

Generally, a case before the MSPB is resolved by Initial Decision. An initial decision refers to the ruling issued by an administrative judge (AJ) after a hearing on your adverse action appeal. An initial decision is a decision delivered by an AJ following a hearing or briefing on your adverse action appeal. When you submit an appeal over an adverse action and the MSPB determines that it has jurisdiction, you will conduct discovery to gather additional facts to support your appeal. After discovery is completed, you may request a hearing before the AJ or submit a brief to the AJ explaining the facts and evidence that support your appeal claims. The

3

AJ will render an initial decision following the hearing or submission of the papers, either affirming or reversing the action on appeal.

## A CONCISE STATEMENT SPECIFYING THE STAGE OF THE PROCEEDINGS IN THE LOWER COURT

None of these things have occurred in this case. The MSPB never established jurisdiction, discovery was never completed, and a hearing was never held. An Initial Decision has not been issued in over 7 months.

Once the Acknowledgement order was issued in the case, the Administrative Judge (AJ) Michael Rudisill, proceeded to issue a stay on any all proceeding without stating a lawful reason for doing so, Rudisill simply stated that the case would be stay until he "Established Jurisdiction", or otherwise decided the case should continue. The appellant immediately filed an interlocutory appeal of this decision citing violations of due process and unreasonable delay. The AJ denied the appeal citing "there was no reason to bring it before the board".

Appellant attempted to proceed with discovery for the case, but was met with refusal by the Agency. A motion for sanctions was brought against the agency for violating discovery timelines. The AJ denied the motion citing again that he paused any and all timelines for the case including discovery. Not only did his original order not state this, This in itself was an unlawful order.

## CONSTITUTIONAL PROVISIONS, STATUES, RULES, OR REGULATIONS INVOLVED IN THIS CASE

An AJ is not allowed to stop discovery in any case, unless for good cause shown,must issue an order stipulating that a stay of discovery has been issued. If no such order exists, discovery must follow the Federal Rules of Civil Procedure. Section 1210.12 requires initial disclosures, sets forth discovery procedures, and notes the administrative judge's authority to alter discovery procedures.

**§ 1201.12 Revocation, amendment, or waiver of rules.**

The Board may revoke, amend, or waive any of these regulations. A judge may, for good cause shown, waive a Board regulation unless a statute requires application of the regulation. The judge must give notice of the waiver to all parties, but is not required to give the parties an opportunity to respond.

Section 1210.14 advises the parties that administrative judges have the authority to impose sanctions for failure to meet deadlines or obey orders. The regulation also makes clear that deadlines will be strictly enforced due to the statutorily-required expedited nature of appeals under part 1210.

(e) *Administrative judge's discretion to alter discovery procedures.* An administrative judge may alter discovery procedures in order to provide for the ***expedited review*** of an appeal filed under this part.

**§ 1210.14 Sanctions for failure to meet deadlines.**

Section 1201.43 of this chapter, which allows administrative judges to impose sanctions on parties that do not comply with orders or do not file pleadings in

5

a timely fashion, shall apply to any appeal covered by this part. Strict enforcement of deadlines will be required to meet the 21-day deadline for issuance of a decision by the administrative judge.

**§ 1210.15 Agency duty to assist in expedited review.**

(a) As required by 38 U.S.C. 713(e)(6), the agency is required to provide the administrative judge such information and assistance as may be necessary to ensure that an appeal covered by this part is completed in an expedited manner.

**§ 1210.8**

**Stay requests.**

An administrative judge may not grant a stay request in any appeal covered by this part. (38 U.S.C. 713(e)(4)).

**MSPB Interim Rule:**

The September 18, 2003 interim rule amended 5 CFR 1201.28 to allow the judge to grant a joint or unilateral request for suspension of a case for **only** one 30-day period rather than two 30-day periods. Moreover, the amended regulation provided that such requests would **only** be granted for good cause shown at the discretion of the judge, rather than automatically. Finally, the amendment specified a 30-day limit on the amount of time the judge could grant for a unilateral request.

(f) *Limitation on suspension period.* **No case may be suspended for more than a total of 30 days under the provisions of this section.**

6

After waiting several months for the case to be adjudicated, being met with repeated unlawful resistance by the AJ and the Agency. Appellant finally filed a Motion to Dismiss the case citing Judicial Misconduct, for failure to abide by 30 day stay requirement set forth by the MSPB and Federal Code of Regulations, Failure to abide by discovery timelines set forth by the MSPB and Federal Code Of Regulations and Federal Rules of Civil Procedure, Violating the MSPB- 120 day standard for adjudication, and actively violating Appellants federal and constitution right to Due Process. The AJ took several weeks to rule on the Motion to Dismiss, when finally the AJ decided to deny the Motion to Dismiss citing that the Judicial Misconduct in question simply "didn't exist" proceeded to threaten the appellant with "dismissing the case" and then demanded that both the agency and the appellant give him information to establish jurisdiction for the case. Throughout this entire ordeal, the AJ in question still had yet to make a decision on jurisdiction for the case.

## THE JURISDICTIONAL BASIS FOR THE PETITION CITING THE RELEVANT STATUTES

On Petition for Writ of Mandamus to the Merit Systems Protection Board in No. PH-1221-24-0032-W-1.

Heather Clark ("Clark") petitions for a writ of mandamus directing the Merit Systems Protection Board ("MSPB") to issue a final decision in her case.

In October of 2023, an appeal was filed by Clark against DHS. The appeal before the MSPB was immediately and unlawfully stayed "indefinitely" by the administrative judge assigned to the case. The AJ gave no logical or material reasoning for this decision other than that it was being stayed until the AJ "determined jurisdiction".

Like a court, the Board Must Have Jurisdiction (authority) over both the action at issue and the person.

In this case not only did the AJ willfully and purposefully violate Federal Regulations by attempting to unlawfully delay this case well past 30 days. The AJ did this without EVER establishing jurisdiction over the case or the appellant.

If a court has no jurisdiction of the subject of an action, a judgment rendered therein does not adjudicate anything. It does not bind the parties, nor can it there- after be made the foundation of any right. It is a mere nullity without life or vigor. The infirmity appearing upon its face, its validity can be assailed on appeal or by motion to set it aside in the court which rendered it, or by objection to it when an effort is made to use it as evidence in any other proceeding to establish a right."

The MSPB has what is called the 120-day standard. This simply means that as a general rule, the Merit Systems Protection Board's policy is to adjudicate all appeals within 120 days – except for good cause. If a party seeks a continuance to after the 120 days, "good cause" might include reasons based on due process and fairness considerations.

In this case the AJ assigned to this case violated the 120 day rule, and gave no good cause for doing so. In fact the judge in the case, simply refuses to acknowledge that such a rule exists.

## **A STATEMENT, IF APPLICABLE, THAT EVERY ISSUE SPECIFICALLY RAISED HAS BEEN PRESENTED TO THE ADMINISTRATIVE AGENCY AND HAS BEEN PROPERLY PRESERVED FOR APPELLATE**

8

## REVIEW BY A CONTEMPTUOUS OBJECTION OR WHERE APPROPRIATE, BY A PROPERLY FILING PLEADING

The Appellant Filed A Motion to Dismiss this case in February of 2024. The Motion was denied by the AJ, and the case was unlawfully continued without good cause.

A (writ of) mandamus is an order from a court to an inferior government official ordering the government official to properly fulfill their official duties or correct an abuse of discretion. See e.g. *Cheney v. United States Dist. Court For D.C.* (2004).According to the U.S. Department of Justice. Further, 28 U.S. Code § 1361 gave federal district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.""A writ of Mandamus is appropriate to "enforce the performance of ministerial duty". The MSPB has failed to perform its ministerial duty required by statute.

Given the above rules and regulations of the MSPB, Federal Code Of Regulations, And Federal Rules of Civil Procedure , case PH-1221-24-0032-W-1 must be dismissed by law.

WHEREFORE, the premises considered, Petitioner prays that the Court grant the petition and order that an answer to the petition be filed by respondents.

## A LIST OF ALL PARTIES AND THEIR COUNSEL

| Clark, Heather | --Petitioner | | Pro se |
|---|---|---|---|
| Department of Homeland Security | --Respondent | 03/15/2024 | Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Pixley,Joseph Alan |
| Merit Systems Protection Board | --Respondent | | Office of General Counsel, U.S. Merit Systems Protection Board, Smith,Katherine Michelle |

## **Certificate of Compliance**

I hereby certify that a copy of he forgoing has been emailed on the 6th of May 2024, to the following parties:

Office of General Counsel, U.S. Merit Systems Protection Board,
Smith, Katherine Michelle


Heather Clark
844 state st
Apt 30
NBangor ME, 04401

Heather Clark